UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY W. BROWN, | ) |
| | ) |
| Plaintiff, | ) No. 3:13-cv-00702 |
| | ) Judge Trauger |
| v. | ) |
| | ) |
| DONALD SCHWENDIMANN, FORMER | ) |
| ASSISTANT ATTORNEY GENERAL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Riverbend Maximum Security Instititution in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against sixteen named defendants and several as-yet identified "John and Jane Doe" defendants, alleging that the defendants' actions led to the plaintiff's false arrest and malicious prosecution for aggravated rape and, ultimately, his illegal confinement in state custody. (Docket No. 1). He seeks the appointment of counsel in this case. (Docket No. 3).

**I.  Screening Requirement**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d

1

863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). Because the plaintiff is a prisoner, the court must screen his complaint under the PLRA.

## II. Allegations in the Complaint

The complaint alleges that, while incarcerated at the Turney Center in Only, Tennessee, the plaintiff was accused and convicted of the aggravated rape of another prisoner. The plaintiff maintains his innocence. The complaint describes a number of alleged flaws in the arrest and prosecution of the plaintiff, such as the suggestive nature of the photographic line-up and the police's failure to collect swabs or DNA evidence from the victim. The complaint also alleges that the plaintiff received ineffective legal representation at trial, on appeal, and during his post-conviction proceedings. (Docket No. 1 at pp. 8-20).

## III. Analysis

Although the plaintiff has framed his complaint against the defendants as a § 1983 civil rights action, the essence of his claims is an attack on the validity of his aggravated rape conviction and current confinement. The plaintiff specifically asks the court "to enter an immediate order, releasing him from the unlawful custody of the Defendants, and seeks to prohibit the Defendants from keeping the Plaintiff confined any longer . . . ." (Docket No. 1 at p. 7).

The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges **the fact or duration of his confinement** . . . even though such a claim may come
2

within the literal terms of § 1983." *Heck*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973))(emphasis added). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Awarding the plaintiff relief on his allegations, all of which relate to the aggravated rape conviction for which he is currently serving a sentence of imprisonment, would necessarily undermine the validity of his current conviction and imprisonment. Given that the plaintiff has not demonstrated that his conviction has been favorably terminated and at least one of the plaintiff's demands for relief requires his release from custody, this case should not have been brought under 42 U.S.C. § 1983. The plaintiff's claims concerning the validity of his continued confinement would be more appropriately brought in a separate petition for writ of *habeas corpus*.

**IV.     Conclusion**

For the reasons explained above, the plaintiff's claims pertaining to the plaintiff's arrest, detention, conviction and/or sentence are not appropriate for a § 1983 action. These claims therefore will be dismissed <u>without prejudice</u>, should the plaintiff wish to pursue them via the appropriate

3

legal route. As the plaintiff's complaint must be dismissed at this time, his motion for appointment of counsel (Docket No. 3) will be denied.

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge